IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**RAYMOND CHARLES ROBERTS,**

        Plaintiff,

    v.                                        CASE NO. 14-3073-SAC-DJW

**TRISTAN SHAVER, MHDD Tech,**

        Defendant.


**REPORT AND RECOMMENDATION**


This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is a person under treatment at the Larned State Hospital, Larned, Kansas, following his release from incarceration. He proceeds pro se and seeks leave to proceed in forma pauperis.

Where a party seeks leave to proceed without the prepayment of statutory fees, 28 U.S.C. § 1915 requires the court to conduct a preliminary screening of the complaint. The court must dismiss the action if it determines the matter is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(B). This screening procedure applies to both prisoner and non-prisoner litigants. *See Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). The screening requirement is intended to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th

Cir. 2006)(quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558.

Pleadings filed by a pro se litigant must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A plaintiff proceeding under § 1983 must "allege the violation of a right secured by the Constitution and laws of the United States, and … that the alleged deprivation was committed by a person acting under color of state law." *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007)(internal quotation marks omitted). Section 1983 "imposes liability for violations of rights protected by the constitution or laws of the United States, not for violations of duties of care arising out of tort law." *Archuleta v. McShan*, 897 F.2d 495, 496 (10th Cir. 1990).

In the present case, plaintiff broadly alleges harassment by the sole defendant, a mental health technician at the Larned State Hospital, and alleges that her conduct has caused him stress. He does not identify any specific constitutional or federal violation, nor does he identify any particular conduct by the defendant.

As presented, the complaint does not contain specific allegations that warrant a response. While a plaintiff need not present detailed factual allegations in the complaint, "[c]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint alleges only mental stress, and plaintiff may not present a claim based upon the defendant's verbal conduct, as the Tenth Circuit has determined that "[v]erbal harassment or abuse … is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)(citations omitted).

Accordingly, it is the recommendation that plaintiff be denied leave to proceed in forma pauperis and this matter be dismissed for failure to state a claim for relief. Plaintiff is hereby advised that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, file written objections to the report and recommendation with the district court. Plaintiff must file any objections within that 14-day period if he wants to have appellate review of the findings, conclusions of law, or the recommended disposition of this matter. If plaintiff fails to timely file his objections, no court will allow appellate review.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED: This 6th day of May, 2014, at Kansas City, Kansas.

s/ David J. Waxse
DAVID J. WAXSE
U.S. Magistrate Judge